**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:06-CV-P578-S**

**MICHAEL CHRISTOPHER PEAK**                                                    **PETITIONER**

**v.**

**COMMONWEALTH OF KENTUCKY**                                             **RESPONDENT**

**MEMORANDUM OPINION & ORDER**

The petitioner, Michael Christopher Peak, filed this action pursuant to 28 U.S.C. § 2254, seeking federal habeas corpus relief. His petition is currently before this Court for preliminary consideration under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons set forth below, the Court will direct him to show cause why his petition should not be dismissed for failure to exhaust all available state court remedies.

**I. PROCEDURAL AND FACTUAL BACKGROUND**

The petitioner was convicted of "possession of matter portraying a sexual performance by a minor" by a Bullitt County Circuit Court jury on or about May 20, 2004. He was sentenced to twelve months incarceration. He appealed his conviction and sentence to the Kentucky Court of Appeals on or about August 23, 2004. His appeal was dismissed on or about December 29, 2005. The petitioner does not appear to have moved for discretionary review from the Kentucky Supreme Court.

**II. ANALYSIS**

A federal court may not grant habeas corpus relief unless the petitioner has exhausted all

available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(b);[1] *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court."). Exhaustion requires that a petitioner provide the state courts with the opportunity to correct any constitutional violations by invoking "one full round" of the state's appellate review process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993). A state prisoner must present the substance of every claim he intends to raise in a § 2254 petition to all levels of state court review before pursuing relief in federal court. However, where a prisoner's failure to present a claim to the state court bars state court consideration of the claim, an exception to the exhaustion requirement is made, since further resort to the state courts would be futile. *See Hannah v. Conley*, 49 F.3d 1193, 1195 (6th Cir. 1995). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

In this case, it appears that the petitioner did not present the issues raised in his petition to the Kentucky Supreme Court. If this is the case, then he has not exhausted his state remedies

---

[1] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus ... shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(I) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

and may not seek federal habeas corpus relief.  *See Silverburg*, 993 F.2d at 126.  Furthermore, "the Kentucky Supreme Court will apparently consider delayed motions for discretionary review, although they may not always be granted."  *Shearer v. Morgan*, No. 98-5567, 1999 U.S. App. LEXIS 8647 (6th Cir. Apr. 30, 1999).  As such, it also appears that the petitioner has the choice of returning to state court to exhaust his claim.

Based on the foregoing, it appears that the petitioner's § 2254 motion should be summarily dismissed by the Court for failure to exhaust available state remedies.  Before dismissing the action on this ground, however, the Court will provide the petitioner with an opportunity to respond.  Petitioner's response should be limited to the issue of whether he has exhausted all available state court remedies.

### III.  ORDER

**WHEREFORE, IT IS ORDERED** that within **thirty (30) days** from entry of this Memorandum Opinion & Order, the petitioner must show cause why his § 2254 petition for writ of habeas corpus should not be dismissed for failure to exhaust available state remedies.  The petitioner is warned that failure to respond within the time allotted **will result in dismissal** of the action for the reasons set forth herein.

Date:

cc:     Petitioner, *pro se*

4411.008